## Case No. 17,480.

### WHARTON'S HEIRS.

[Cited in Kurtz v. Hollingshead, Case No. 7,953. Nowhere reported; opinion not now accessible.]

---

WHARTON (JAMES v.). See Case No. 7,187.

---

## Case No. 17,481.

### WHARTON v. LOWREY.

[2 Dall. 364.][1]

Circuit Court, D. Pennsylvania. 1796.

EQUITY PLEADING—AMENDMENTS—BILL TO OPEN AN ACCOUNT.

[To a bill which sought to open a settled account on the ground of fraud, an answer was filed denying the fraud and pleading the statute of limitations. Complainants then asked leave to amend by alleging that the fraud was discovered within six years. *Held*, that the amendment would be allowed, as complainants could not foresee that the statute would be pleaded.]

Bill in equity. The bill was filed in October, 1793, to open an account which had been settled and signed by the complainants in April, 1781, touching the transactions between the testator and the defendant, while commissaries in the American army, during the Revolutionary war. The bill charged the defendant (among other fraudulent practices) with making erasures in the complainant's

[1] [Reported by A. J. Dallas, Esq.]

books, and also set forth a number of specific errors and overcharges in the account. The defendant filed an answer to the bill, in which he denied all fraud, canvassed and refuted the specification of errors and overcharges, and pleaded the statute of limitations.

Rawle & Lewis, having obtained a rule to shew cause why the bill should not be amended by inserting that the frauds charged had come to the complainant's knowledge within six years before the commencement of the suit, now moved to make the rule absolute, and cited 1 Har. Ch. Prac. 106, 3 P. Wms. 143.

Mr. Dallas, for the defendant, admitted that the allowance of amendments was discretionary with the court, but contended that after a general answer to the allegations, and a denial of the frauds stated in the bill, the complainant ought not to be indulged, without some other proof to support the charge of fraud, than his bare assertion. In the cases cited in 3 P. Wms. 143, there was no answer to the bill, but merely a plea of the statute of limitations; and in the principal case the chancellor only ordered the defendant to answer, which the present defendant has already done. Twelve years have elapsed since the account was settled; and the fraud being denied on oath, and unsupported by any species of evidence, the complainant ought not to be permitted to harass the defendant, and procrastinate a decision.

BY THE COURT. Considerations respecting the merits of the cause ought not to weigh in the determination of the present question. The complainant could not foresee that the statute of limitations would be pleaded, and it is in order to bring before the court an essential fact arising from that plea, that the amendment is proposed. The rule made absolute.